Allen, J.
The merits of the case of Medley v. Pannill’s adm’r, it seems to me, are with the appellee. But a new mode of proceeding is adopted by the court in the decree rendered. The original parties to the judgment injoined having died during the pendency of the injunction, the court, instead of dissolving the injunction, was of opinion that it would be more equitable at once to decree the amount due, than, by a dissolution of the injunction, to put the administrator of Pannill to the delay and expense of a further proceeding at law *64 to revive the judgment, before it could be made available. Á decree was therefore' rendered for the amount of the debt, interest and damages, with a provision that if the decree was satisfied, the injunction was to stand perpetuated, but until satisfied, the rights of the creditor under the judgment, and against the sureties in the injunction bond, were not to be impaired ; and liberty was therefore reserved to the creditor, if the decree was ineffectual in whole or in part, to resort to the court for any further decree which might be proper. The proceeding, though novel, struck me at first as convenient ; but upon further reflection and consultation, I am satisfied the innovation upon the accustomed modes of procedure ought not to be sanctioned. Passing by the incongruity of giving a decree for that for which the party already has his judgment at law, and waiving the enquiry as to the power of a court of equity to decree damages, which are allowed by statute only upon the dissolution of the injunction, whereas the decree continues the injunction, and upon a certain contingency perpetuates it,—there are o.ther difficulties in the way. The decree, though it contemplates a resort to the court in a certain contingency, is in effect final. The whole matter in controversy is settled ; debt, interest, damages and-costs decreed. Is it competent for the court, after having so disposed of the subject, to revive, at any distance of time thereafter, the lien of the original judgment, so" as to affect intermediate purchasers? If it can do this, purchasers would be always insecure. If it cannot, the judgment creditor would lose one of his securities. Of that perhaps he would not be permitted to complain, as he takes the decree. But he retains all his rights against the surety in the injunction bond. These he never waived ; and probably he would not have consented to take such a decree, unless the court had professed to preserve his securities unimpaired. If, too, the lien of the judgment has been lost, the sureties in the injunction bond might be materially *65 injured. Again, the lien of the judgment results from the capacity to sue out an elegit, or to revive it. Here the creditor has not, and may never have, the right to do either. In what condition would the purchaser of lands prior to the decree, which otherwise would have been bound by the judgment, be placed by such a decree? Again, the law gives the sureties in the injunclion bond a remedy over against those in the appeal bond. The injunction is not dissolved, and neither the surety in the injunction bond, nor the surety in the appeal bond, can be rendered liable primarily. If subsequently the court undertakes to give relief, it must set aside the first decree (the power to do which in such a case as this might be questioned) and then give a new decree dissolving the injunction, in order to revive the liability of the surety in the injunction bond, and by so doing revive that of the surety in the appeal bond. If it cannot do both, it does injustice to the sureties in one bond, and ought not to revive the liabilities of either set. And even if it could do both, great injustice might be done to one set of sureties by the intervening insolvency of the others. The old and recognized mode involves none of these difficulties. If the party desires to be ready with his execution as soon as the injunction is dissolved, the chancery court would impose it as a condition on the complainant to consent to revive at law, under the penalty of having the injunction dissolved for that cause. And the revival itself, if the party be driven to that course, is attended with but little delay or expense. For this reason, I think the decree must be reversed with costs.
The other judges concurring, the decree of the court of appeals, in Medley v. Pannill’s adm'r, declared that there was error in the decree, in proceeding to decree against the appellant for the amount of the judgment injoined, with damages and interest, instead of dissolv *66 ing the injunction and dismissing the bill with costs: Therefore, decree reversed with costs, and injunction dissolved and bill dismissed with costs.
In Medley v. Tunis’s ex’ors, the circuit court and this court held that the appellant was entitled to a credit against the judgment. But the decree of this court declared that the circuit court erred in rendering a decree for the balance due, instead of perpetuating the injunction for the amount of the credit, with costs, and dissolving it as to the residue, without damages : Therefore, decree reversed with costs, and decree entered perpetuating the injunction for the credit, with costs, and dissolving it as to the residue, without damages.*

 Where any injunction shall be hereafter obtained, to stay proceedings on any judgment rendered in any of the courts of this commonwealth, for money or tobacco, and such injunction shall be dissolved wholly or in part, damages at the rate of ten per centum per annum, from the time the injunction was awarded until the dissolution, shall be paid to the party on whose behalf such judgment shall be obtained, on such sum as appears to be due, including the costs; and where any such injunction shall be depending in the circuit superior courts of law and chancery, the clerk of such court shall, on dissolution thereof, certify to the clerk of the court wherein the judgment was obtained, the order of dissolution, as also the time of granting and dissolving such injunction, and the clerk shall issue the execution according to the provisions of this act; and in all cases where a forthcoming bond has been executed by the complainant in such injunction, and no judgment rendered thereupon, the court in which execution is awarded shall direct the said damages to be included in the judgment, which shall be in satisfaction of all interest and damages during the time aforesaid: provided nevertheless, that where the injunction is granted in order to obtain a discovery, or any part of the judgment shall remain injoined, the court wherein the injunction shall be depending may, if it appear just, direct that no such damages shall be paid by the complainant, or such proportion as according to equity the court may deem expedient; and the clerk of the court where the judgment was rendered, or the court by whom execution shall b,e awarded, shall govern themselves accordingly. Acts of 1830-31, ch. 11. § 43. Suppl. to Rev. Code, p. 152. taken from 1 Rev. Code, ch. 66. § 61. p. 209.